**LAW OFFICE OF SALVATORE P.J. VITO, P.C.**
Salvatore P.J. Vito, Esquire
45 North 7th Street
Stroudsburg, PA 18360
(570) 424-8890
(570) 424-9260 (facsimile)

# UNITED STATES DISTRICT COURT FOR
# THE MIDDLE DISTRICT OF PENNSYLVANIA

DOLORES M. ROSE, as Administratrix for
THE ESTATE OF EDWARD M. ROSE, III,
Deceased, and DOLORES M. ROSE, Individually,           No.
       Plaintiffs,
v.
               Judge:_____
BARRETT TOWNSHIP;

BARRETT TOWNSHIP POLICE
DEPARTMENT; individually and as an
agent of Barrett Township;

LARRY RAISNER and ROGER BURNS,
individually, and as agents of
BARRETT TOWNSHIP and/or
BARRETT TOWNSHIP POLICE
DEPARTMENT; and

BARRETT TOWNSHIP VOLUNTEER
AMBULANCE CORPS, INC.;
       Defendants.

## COMPLAINT

  AND NOW come the Plaintiffs, by and through counsel, Salvatore P.J. Vito, Esq., and file this Complaint against the Defendants above-named as follows:

PARTIES

  1. Plaintiff, Dolores M. Rose, is a competent adult individual residing in Warren, New Jersey, and is the Administratrix of the Estate of Edward M. Rose, III, Deceased.

  2. Defendants, Barrett Township and Barrett Township Police Department, at all times relevant hereto, are agencies and/or governmental units of the Commonwealth of Pennsylvania, with address of RR 2, Cresco, Pennsylvania 18326.

    3.    Defendants, Larry Raisner and Roger Burns, at all times relevant hereto, were agents and/or employees of Barrett Township Police Department.

    4.    Defendant, Barrett Township Volunteer Ambulance Corps, Inc., is a Pennsylvania Non-Profit Corporation with address of PO Box 105, Cresco, Pennsylvania 18326.

JURISDICTION

    5.    This action arises under the United States Constitution, particularly under the provisions of the First, Fourth, Fifth, Sixth and Fourteenth Amendments thereto and under the laws of the United States, specifically the Civil Rights Act, Title 42 U.S.C. § 1983.

    6.    This Honorable Court has jurisdiction of the Federal Claims asserted in this case under the provisions of Title 28 U.S.C. §§ 1331, 1334 and supplemental jurisdiction of the state law claims based on the doctrine of pendant jurisdiction or jurisdiction of claims that are ancillary to the federal claims pursuant to 28 U.S.C. § 1367.

FACTS

    7.    On or about August 16, 2007, at approximately 10:13 p.m., Defendants, Officer Larry Raisner and Officer Roger Burns initiated a traffic stop of Edward Rose, deceased, at Route 191 and Green Chapel Lane, Paradise Township, Monroe County, Pennsylvania.

    8.    Officer Raisner and Officer Burns arrested Edward Rose and placed him in handcuffs allegedly for driving under the influence.

    9.    At the time of the aforesaid arrest, Edward Rose, became dizzy, fell down and became non-responsive. CPR was performed and Mr. Rose was defibrillated. Paramedics transported him to the local emergency room where he was pronounced dead at 11:08 p.m.

    10.    It is believed and therefore averred that the traffic stop and arrest of Plaintiff as aforesaid was unlawful for reasons including, but not limited to, the following:

    a.    Defendant officers had no probable cause for the traffic stop;

    b.    Defendant officers had no probable cause for the arrest for DUI;

    c.    Defendant officers were outside of their proper jurisdiction at the time of the arrest;

    d.    Edward Rose was handcuffed although he posed no threat and was cooperative;

    e.    Edward Rose was denied his heart medication upon request while handcuffed;

    f.       Edward Rose was improperly kept in handcuffs during CPR and while defibrillated;

    g.       Excessive force was used during the arrest, including, but not limited to, the improper use of handcuffs and improper use of a taser; and

    h.       Medical treatment was improperly administered.

### PLAINTIFFS V. BARRETT TOWNSHIP, BARRETT TOWNSHIP POLICE DEPARTMENT, LARRY RAISNER, AND ROGER BURNS

<u>FIRST CAUSE OF ACTION – 42 U.S.C. § 1983 – FALSE ARREST</u>

11.    The foregoing allegations are incorporated herein by reference as fully as if set forth herein at length.

12.    On or about August 16, 2007, Edward Rose was arrested and detained by Defendants.

13.    Defendants had no probable cause to believe that Edward Rose had violated any laws.

14.    Defendants' actions were reckless, wanton and outrageous, and malicious.

15.    Plaintiff suffered severe distress as a direct result of Defendants actions described herein, while suffering a heart condition, and was caused to expire.

16.    The conduct of the Defendants as stated herein was committed by Defendants acting under color of state law and the conduct deprived Plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States.

WHEREFORE, Plaintiffs respectfully request the Court award damages in an amount to be determined at trial, together with interest and costs of suit; punitive damages; attorneys fees; any and all damages recoverable under Title 42 and such other and further relief as the Court deems just and proper.

<u>SECOND CAUSE OF ACTION – 42 U.S.C. § 1983 – FALSE IMPRISONMENT</u>

17.    The foregoing allegations are incorporated herein by reference as fully as if set forth herein at length.

18.    On or about August 16, 2007, Edward Rose was arrested.

19.    Edward Rose was detained and confined against his will by Defendants.

20. Edward Rose's arrest and detention was unlawful and not based on probable cause.

21. Defendants acted recklessly, wantonly and outrageously, and maliciously, in the arrest and detention of Edward Rose.

22. The conduct of the Defendants as stated herein was committed by Defendants acting under color or state law and the conduct deprived Edward Rose of rights, privileges or immunities secured by the Constitution or laws of the United States.

23. Plaintiffs suffered damages as a direct result of Defendants' conduct.

WHEREFORE, Plaintiffs respectfully request the Court to award damages in an amount to be determined at trial, together with interest and costs of suit; punitive damages; attorneys fees; any and all damages recoverable under Title 42 and such other and further relief as the Court deems just and proper.

THIRD CAUSE OF ACTION - 42 U.S.C. § 1983 - MALICIOUS PROSECUTION

24. The foregoing allegations are incorporated herein by reference as fully as if set forth herein at length.

25. The Defendants initiated a criminal proceeding which resulting in the death of Edward Rose.

26. The proceeding was initiated without probable cause.

27. The Defendants acted with actual malicious purpose or for a purpose other than bringing Edward Rose to justice.

28. Plaintiffs suffered damages as a direct result of Defendants' actions

WHEREFORE, Plaintiffs respectfully request the Court to award damages in an amount to be determined at trial, together with interest and costs of suit; punitive damages; attorneys fees; any and all damages recoverable under Title 42 and such other and further relief as the Court deems just and proper.

FOURTH CAUSE OF ACTION – MALICIOUS PROSECUTION

29. The foregoing allegations are incorporated herein by reference as fully as if set forth herein at length.

30. The Defendants initiated a criminal proceeding which resulted in the death of Edward Rose.

31. The proceeding was initiated without probable cause.

32. The Defendants acted with actual malicious purpose or for a purpose other than bringing Edward Rose to justice.

33. Plaintiffs suffered damages as a direct result of Defendants' actions.

WHEREFORE, Plaintiffs claim compensatory damages from Defendants in an amount in excess of $100,000.00 plus costs, reasonable attorney fees and such other relief as the court deems just and proper.

FIFTH CAUSE OF ACTION - DEFAMATION

34. The foregoing allegations are incorporated herein by reference as fully as if set forth herein at length.

35. Defendants communicated and published statements of a defamatory character which were applicable to Edward Rose, the recipient understood the defamatory meaning of the communications applicable to Edward Rose, Plaintiffs were specially harmed by the publication, and Defendants abused a conditional privilege.

36. Defendants knew or should have known that said defamatory statements were false.

WHEREFORE, Plaintiffs claim compensatory damages from Defendants in an amount in excess of $100,000.00 plus punitive damages, costs, reasonable attorney fees and such other relief as the court deems just and proper.

SIXTH CAUSE OF ACTION – CIVIL CONSPIRACY

37. The foregoing allegations are incorporated herein by reference as fully as if set forth herein at length.

38. Defendants intentionally agreed, combined and conspired to associate for the purpose of interrogating, searching, intimidating, defaming, arresting and charging Edward Rose and depriving him of his civil rights by whatever means legal or illegal available to them absent justification.

WHEREFORE, Plaintiffs claim compensatory damages from Defendants in an amount in excess of $100,000.00 plus costs, reasonable attorney fees and such other relief as the court deems just and proper.

SEVENTH CAUSE OF ACTION – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

39. The foregoing allegations are incorporated herein by reference as fully as if set forth herein at length.

40. Since the wrongful arrest of Edward Rose described herein, Plaintiff, Edward Rose, suffered emotional distress and was caused to expire, and Plaintiff, Dolores Rose, has suffered emotional distress.

41. Plaintiffs have suffered emotional distress as a direct result of Defendants' intentional conduct.

WHEREFORE, Plaintiffs claim compensatory damages from Defendants in an amount in excess of $100,000.00 plus punitive damages, costs, reasonable attorney fees and such other relief as the court deems just and proper.

EIGHTH CAUSE OF ACTION - NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

42. The foregoing allegations are incorporated herein by reference as fully as if set forth herein at length.

43. Since the wrongful arrest of Edward Rose as described herein, Plaintiff, Edward Rose, suffered emotional distress and was caused to expire, and Plaintiff, Dolores Rose, has suffered emotional distress.

44. Plaintiffs have suffered emotional distress as a direct result of Defendants' careless and negligent conduct.

WHEREFORE, Plaintiffs claim compensatory damages from Defendants in an amount in excess of $100,000.00 plus costs, reasonable attorney fees and such other relief as the court deems just and proper.

NINTH CAUSE OF ACTION – FALSE LIGHT

45. The foregoing allegations are incorporated herein by reference as fully as if set forth herein at length.

46. Edward Rose, at the times herein and since his birth, has been a person of good name and reputation and was deservedly enjoying the esteem and good opinion of diverse persons in his vocational and social pursuits.

47. Defendants intentionally, falsely and maliciously made unprivileged accusatory statements of and concerning Edward Rose. The statements of Defendants are wholly false and

apply to Edward Rose.

48. Defendants, by their conduct expressly or by innuendo, published their false conclusion that Edward Rose was a criminal.

49. At the time of publication, Defendants knew or should have known that the implication that Edward Rose was a criminal was untrue.

50. As a result of Defendants' false light, Plaintiff have been greatly upset, humiliated and injured in good name and reputation, all of which has been to great loss and damage.

WHEREFORE, Plaintiffs claim compensatory damages from Defendants in an amount in excess of $100,000.00 plus costs, reasonable attorney fees and such other relief as the court deems just and proper.


TENTH CAUSE OF ACTION – NEGLIGENT SUPERVISION
**Plaintiffs v. Barrett Township, Barrett Township Police Department and Barrett Township Volunteer Ambulance Corps., Inc.**

51. The foregoing allegations are incorporated herein by reference as fully as if set forth herein at length.

52. The Defendant's carelessness, recklessness, and/or unlawfulness consisted of, but was not limited to the following:

   a. Defendants hired, employed and promoted the various agents, servants, workmen, and/or employees who had the responsibility or obligation to properly execute their duties as police;

   b. Defendants permitted the various agents, servants, workmen and/or employees who had the responsibility to properly execute their duties as police to continue to work as such, when said municipal Defendant knew and/or should have known that said agents, servants, workmen and/or employees were unable to and/or incapable of properly performing the requirements of their respective employments;

   c. Defendants failed to establish procedures and programs to determine whether employees and/or potential employees were and are fit and capable of performing the requirements of their respective employment;

   d. Defendants were otherwise negligent, careless, reckless and/or unlawful under the circumstances in the hiring, employing, training and/or promoting the various agents, servants, workmen and/or employees who were responsible and obligated to properly execute their duties as police; and

7

  e. Defendants failed to adopt, promulgate and enforce policies and procedures to effectuate the observation and enforcement of citizens' Civil Rights.

 53. As a direct and proximate result of the aforementioned incident, Plaintiffs suffered the severe and serious injuries as stated herein.

 WHEREFORE, Plaintiffs claim compensatory damages from Defendants in an amount in excess of $100,000.00 plus costs, reasonable attorney fees and such other relief as the court deems just and proper.

## PLAINTIFFS V. ALL DEFENDANTS

ELEVENTH CAUSE OF ACTION – NEGLIGENCE

 54. All paragraphs of this pleading are incorporated by reference as though the same were more fully set forth at length herein.

 55. Defendants, and their agents, employees and servants, in providing medical care to Decedent, acted in a negligent and careless manner, as described above and herein, which constitutes a breach of the standard of care due and owing Decedent.

 56. As a direct and proximate result of Defendant's negligence and carelessness, and the negligent procedures employed by Defendants, Defendants increased the risk of harm to Decedent, increased the risk of Decedent's death, caused great injury, financial loss, anguish, pain and suffering to the Plaintiffs, and caused Decedent's death.

 WHEREFORE, Plaintiffs claim compensatory damages from Defendants in an amount in excess of $100,000.00 plus costs, reasonable attorney fees and such other relief as the court deems just and proper.

TWELFTH COUNT – WRONGFUL DEATH

 57. All paragraphs of this pleading are incorporated by reference as though the same were more fully set forth at length herein.

 58. As a direct and proximate result of Defendant's negligence and carelessness, Decedent, Edward Rose, was forced to incur great pain and suffering and death.

 59. Plaintiff, Dolores Rose, brings this action on behalf of the Wrongful Death Beneficiaries of Decedent pursuant to the Pennsylvania Wrongful Death Act and demands all damages recoverable under said Act.

 60. At all times pertinent hereto, Plaintiff/Beneficiaries were the recipients of benefits and income from the Decedent.

61. As a direct and proximate result of the negligence of Defendants, Plaintiff/Beneficiaries have been wrongfully deprived of the services, companionship and contributions of Decedent, and have been forced to sustain direct economic loss as a result.

WHEREFORE, Plaintiff, Dolores Rose, claims compensatory damages from Defendants in an amount in excess of $100,000.00 plus costs, reasonable attorney fees and such other relief as the court deems just and proper.

THIRTEENTH COUNT – SURVIVAL ACTION

62. All paragraphs of this pleading are incorporated by reference as though the same were more fully set forth at length herein.

63. As a direct and proximate result of Defendant's negligence and carelessness, Decedent, Edward Rose, was forced to incur great pain and suffering and death.

64. Plaintiff, Dolores Rose, brings this action as Administratrix of the Estate of Edward Rose, and on behalf of the Estate pursuant to the Pennsylvania Survival Act and demands all damages recoverable under said Act.

65. As a direct and proximate result of Defendant's negligence, during the course of the arrest and detainment of Decedent, Decedent was forced to incur anguish, pain and suffering and endured same up and until the time of his death.

WHEREFORE, Plaintiff, Dolores Rose, claims compensatory damages from Defendants in an amount in excess of $100,000.00 plus costs, reasonable attorney fees and such other relief as the court deems just and proper.

DAMAGES

As a result of the conduct of Defendants, Plaintiffs have suffered the above-described damages.

WHEREFORE, based on the foregoing counts, Plaintiffs claim compensatory damages from Defendants in an amount in excess of $100,000.00 plus costs, interest, reasonable attorney fees and such other relief as the court deems just and proper. Furthermore, Plaintiff respectfully requests this Honorable Court to enter punitive damages in an appropriate amount to deter the conduct of the Defendants in the future and any such other and further relief as the Court may deem just and proper.

A jury trial is demanded.

Respectfully Submitted,

/s/ Salvatore P.J. Vito
Salvatore P.J. Vito, Esquire
Attorney for Plaintiff
I.D. No. 35963
45 North 7th Street
Stroudsburg, PA 18360
(570) 424-8890