IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DOLORES M. ROSE,
as administratrix for THE ESTATE
OF EDWARD M. ROSE III,
Deceased, and
DOLORES M. ROSE,
Individually,

         Plaintiffs

v.

BARRETT TOWNSHIP; BARRETT
TOWNSHIP POLICE DEPARTMENT;
LARRY RAISNER, ROGER BURNS;
and BARRETT TOWNSHIP
VOLUNTEER AMBULANCE
CORPS, INC.,

         Defendants

No. 3:09cv1561

(Judge Munley)

## MEMORANDUM

Before the court for disposition is Magistrate Judge William T. Prince's report and recommendation that suggests that the plaintiffs' complaint should be dismissed. The plaintiffs have filed objections, and the matter has been fully briefed.

### Background[1]

Defendants Larry Raisner and Roger Burns are both employees of Defendant Barrett Township Police Department. (Doc. 1, ¶ 3). They initiated a traffic stop of Edward Rose in Paradise Township, Monroe County, Pennsylvania on August 16, 2007 at approximately 10:13 p.m. (Id. ¶ 7). They arrested Rose and placed him in handcuffs for allegedly driving under the influence. (Id. ¶ 8). Plaintiff asserts that the officers had no

---

[1] As we are addressing motions to dismiss, for purposes of this memorandum we assume that the facts as alleged in the complaint are true. Pryor v. National Collegiate Athletic Ass'n, 288 F.3d 548, 559 (3d Cir. 2002) (indicating that a court should accept all factual averments in the complaint as true when ruling on a motion to dismiss).

probable cause for the traffic stop or the arrest, and that the police officers were outside their proper jurisdiction when they made the arrest. (Id. ¶¶ 10(a) - 10(b)). The officers handcuffed Rose although he posed no threat and was cooperative. (Id. ¶ 10(d)). While handcuffed, Rose requested his heart medication, but the officers denied the request. (Id. ¶ 10(e)). Rose became dizzy, fell down and became non-responsive. (Id. ¶ 9). Paramedics were called, and medical treatment, including CPR and defibrillation was provided. (Id. ¶¶ 10(g), 10(h)). Rose improperly remained in handcuffs during the CPR and defibrillation. (Id. ¶ 10(f)). At some point, the officers used a taser on Rose. (Id. ¶ 10(g)). The defendants caused Rose great suffering, pain and death. (Id. at ¶ 57).

Based upon these facts, Plaintiff Dolores M. Rose brought the instant action on behalf of the Estate of Edward M. Rose and on her own behalf. The complaint contains the following thirteen counts: 1) False arrest, pursuant to 42 U.S.C. § 1983; 2) false imprisonment under 42 U.S.C. § 1983; 3) malicious prosecution under 42 U.S.C. § 1983; 4) malicious prosecution under Pennsylvania state law; 5) defamation; 6) civil conspiracy; 7) intentional infliction of emotional distress; 9) false light; 10) negligent supervision; 11) negligence; 12) wrongful death; and 13) survival action.[2]

The Barrett Township Volunteer Ambulance Corps, Inc., filed a

---

[2]Counts 1 through 9 are asserted against Barrett Township, Barrett Township Police Department, Larry Raisner and Roger Burns. Count 10 is asserted against Barrett Township, Barrett Township Police Department and Barrett Township Volunteer Ambulance Corps, Inc. Counts 11 through 13 are asserted against all defendants.

2

motion to dismiss or in the alternative for a more definite statement and the remaining defendants filed a joint motion to dismiss. The motions to dismiss are filed pursuant to rule 12(b)(6) of the Federal Rules of Civil Procedure. Magistrate Judge Prince recommends granting the motions to dismiss. Plaintiffs filed objections to the report and recommendation, bringing the case to its present posture.

**Jurisdiction**

As this case is brought pursuant to 42 U.S.C. § 1983 for civil rights violations, we have jurisdiction under 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). We have supplemental jurisdiction over the plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

**Standard of review**

In disposing of objections to a magistrate judge's report and recommendation, the district court must make a *de novo* determination of those portions of the report to which objections are made. 28 U.S.C. § 636 (b)(1)(C); see also Henderson v. Carlson, 812 F.2d 874, 877 (3d Cir. 1987). This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The district court judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. Id.

This case is before the court pursuant to defendants' motion to dismiss for failure to state a claim upon which relief can be granted filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. When a 12(b)(6) motion is filed, the sufficiency of the allegations in the complaint is

tested. Granting the motion is appropriate if, accepting as true all the facts alleged in the complaint, the plaintiff has not pled "enough facts to state a claim to relief that is plausible on its face," or put another way, "nudged [his or her] claims across the line from conceivable to plausible." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). The plaintiff must describe "enough facts to raise a reasonable expectation that discovery will reveal evidence of" each necessary element of the claims alleged in the complaint. Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Twombly, 550 U.S. at 556). Moreover, the plaintiff must allege facts that "justify moving the case beyond the pleadings to the next stage of litigation." Id. at 234-35.

In relation to Federal Rule of Civil Procedure 8(a)(2), the complaint need only provide "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests,'" Twombly, 550 U.S. at 555 (citation omitted). "[T]he factual detail in a complaint [cannot be] so undeveloped that it does not provide a defendant the type of notice of claim which is contemplated by Rule 8." Phillips, 515 F.3d at 232 (citation omitted). "Rule 8(a)(2) requires a 'showing' rather than a blanket assertion of an entitlement to relief." Id.

The issue is whether the facts alleged in the complaint, if true, support a claim upon which relief can be granted. In deciding a 12(b)(6) motion, the court must accept as true all factual allegations in the complaint and give the pleader the benefit of all reasonable inferences that can fairly be drawn therefrom, and view them in the light most favorable to the plaintiff. Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d

Cir.1997). To decide a motion to dismiss, a court generally should consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim. See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997); Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).

**Discussion**

We will discuss these issues by reviewing, in order, the objections made by the plaintiffs.

**I. Immunity of individual defendants**

The first substantive issue addressed by the magistrate judge is qualified immunity for police officers sued in their individual capacities. Qualified immunity for police officers "absolves defendants if reasonable officers could have believed their conduct was lawful 'in light of clearly established law and the information the searching officers possessed.'" Karnes v. Skrutski, 62 F.3d 485, 491 (3d Cir. 1995) (quoting Anderson v. Creighton, 483 U.S. 635, 641 (1987)). Determining whether qualified immunity applies is a two "step process:" "[f]irst, we must determine whether the defendants violated 'clearly established' rights . . . [s]econd, we determine whether a reasonable officer would have believed that his or her conduct deprived plaintiff of his or her constitutional rights." Harvey v. Plains Twp. Police Dept., 421 F.3d 185, 192 (3d Cir. 2005).

In the instant case, the plaintiff asserts violation of the constitution that amount to false arrest and false imprisonment. Such claims are based upon the Fourth Amendment to the United States Constitution. "[W]here the police lack probable cause to make an arrest, the arrestee has a claim

Cir.1997). To decide a motion to dismiss, a court generally should consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim. See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997); Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).

**Discussion**

We will discuss these issues by reviewing, in order, the objections made by the plaintiffs.

**I. Immunity of individual defendants**

The first substantive issue addressed by the magistrate judge is qualified immunity for police officers sued in their individual capacities. Qualified immunity for police officers "absolves defendants if reasonable officers could have believed their conduct was lawful 'in light of clearly established law and the information the searching officers possessed.'" Karnes v. Skrutski, 62 F.3d 485, 491 (3d Cir. 1995) (quoting Anderson v. Creighton, 483 U.S. 635, 641 (1987)). Determining whether qualified immunity applies is a two "step process:" "[f]irst, we must determine whether the defendants violated 'clearly established' rights . . . [s]econd, we determine whether a reasonable officer would have believed that his or her conduct deprived plaintiff of his or her constitutional rights." Harvey v. Plains Twp. Police Dept., 421 F.3d 185, 192 (3d Cir. 2005).

In the instant case, the plaintiff asserts violation of the constitution that amount to false arrest and false imprisonment. Such claims are based upon the Fourth Amendment to the United States Constitution. "[W]here the police lack probable cause to make an arrest, the arrestee has a claim

under § 1983 for false imprisonment based on a detention pursuant to that arrest." Groman v. Twp. of Manalapan, 47 F.3d 628, 636 (3d Cir. 1995).

Thus, to have arrested Edward Rose without probable cause would have violated his clearly established rights. The plaintiffs allege in the complaint that this is precisely what happened. The magistrate judge suggests that the plaintiffs' assertion that the stop and arrest were without probable cause is a legal conclusion that need not be credited. We disagree. To require more of an allegation regarding probable cause at this stage of the litigation without the development of a factual record is inappropriate. Probable cause exists where "the facts and circumstances which are within the knowledge of the police officer at the time of the arrest, and of which he has reasonably trustworthy information, are sufficient to warrant a man of reasonable caution in the belief that the suspect has committed or is committing a crime." Renk v. City of Pittsburgh, 641 A.2d 289, 293 (Pa. 1994) (internal quotation marks and citation omitted). Discovery will reveal what facts and circumstances the police officers relied upon.

Additionally, a reasonable officer would have believed that to pull over a vehicle and arrest someone without probable cause would violate that person's rights. Accordingly, we cannot find at this point that qualified immunity applies, and we will not adopt the magistrate judge's recommendation on this point.

**II. Municipal liability of Barrett Township under section 1983**

The report and recommendation also suggests that the plaintiff has not properly alleged municipal liability as to Barrett Township. Plaintiffs object. After a careful review, we agree with the plaintiffs.

6

Torts committed by employees do not make a municipality liable and "a local governing body can be held liable only for an official policy or custom." San Filippo v. Bongiovanni, 30 F.3d 424, 445 (3d Cir.1994). Under the standard first articulated in Monell v. Dept. of Soc. Servs., "local governing bodies . . . can be sued directly under § 1983 . . . where, as here, the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." Monell v. Dept. of Soc. Servs. of the City of New York, 436 U.S. 658, 690 (1978). Thus, "[a] public entity . . . may be held liable for the violation of a constitutional right under 42 U.S.C. § 1983 only when the alleged unconstitutional action executes or implements policy or a decision officially adopted or promulgated by those whose acts may fairly be said to represent official policy." Reitz v. County of Bucks, 125 F.3d 139, 144 (3d Cir. 1997). Liability exists when " 'there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation.'" Brown v. Muhlenberg Twp., 269 F.3d 205, 214 (3d Cir.2001) (quoting City of Canton v. Harris, 489 U.S. 378, 385 (1989)).

Plaintiffs' complaint adequately alleges that the individual defendants' actions against Edward M. Rose were the result of municipal policy or custom. It alleges that the Township failed to establish procedures and programs to determine whether employees were fit and capable of performing the requirements of their employment. (Doc. 1, ¶ 52(c)). It also alleges that the Township failed to adequately hire, employ, train and/or promote its employees. (Id. ¶ 52(d)). Further, the complaint avers that the Township "failed to adopt, promulgate and enforce policies and procedures to effectuate and enforce policies and procedures to effectuate the

7

observations and enforcement of citizens' Civil Rights." (Id. ¶ 52(e)).  For purposes of a motion to dismiss, before any discovery has occurred, we find that these assertions are sufficient to properly allege municipal liability on the part of Barrett Township. The plaintiffs will have to be more specific with regard to the insufficiency of the policies and training for purposes of a summary judgment motion and/or trial. However, at this stage of the proceedings the complaint's allegations are sufficient. We will thus not adopt the report and recommendation with regard to municipal liability.

### III. Barrett Township Volunteer Ambulance Corps and Pendent State Law Claims

The report and recommendation also suggests dismissing the pendent state law claims, including the claims asserted against Barrett Township Volunteer Ambulance Corps., if all the federal law claims are dismissed. This recommendation will not be adopted. Based upon the above analysis, the federal claims will not be dismissed, and therefore, this court retains jurisdiction over the pendent state law claims.

Because the magistrate judge recommended the dismissal of the state law claims, he did not analyze the motions to dismiss more closely. We provide a short analysis of the claims below:

The complaint alleges negligence against defendant Barrett Township Volunteer Ambulance Corps, Inc. in the medical care administered to Edward Rose. It states that "CPR" was performed and a defibrillater was used on the decedent while he was handcuffed. Plaintiffs admit in their brief that, without discovery, they do not know if the improper treatment was performed by the police officers or the paramedics. We thus find that it is premature at this stage to release the ambulance

8

company from the case.[3]

**IV. Portions of the report and recommendation that were not objected to**

The magistrate judge recommends the following, and no party has objected to these suggestions:

1) Dismissal of claims against the police officers in their official capacities because those claims are identical as the claims against the municipality;

2) Dismissal of Barrett Township Police Department as it is a sub-unit or department of Defendant Barrett Township;

3) Dismissal of the First Amendment claims;

4) Dismissal of the Fifth Amendment claims;

5) Dismissal of the Sixth Amendment claims; and

6) Dismissal of a the Fourteenth Amendment claims to the extent that they are separate from the other constitutional claims.

No timely objections to these recommendations have been filed. Therefore, in order to decide whether to adopt the report and recommendation with regard to these issues, we must determine whether a review of the record evidences plain error or manifest injustice. FED. R. CIV. P. 72(b) 1983 Advisory Committee Notes ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record to accept the recommendation"); Sullivan v. Cuyler, 723

---

[3]The ambulance company also challenges the plaintiffs' claim for punitive damages. The plaintiffs clarify in their brief that they do not seek punitive damages for negligence committed by the ambulance company. (Doc. 16, Plaintiffs' Opposition Brief at 4).

9

F.2d 1077, 1085 (3d Cir. 1983); 28 U.S.C. § 636(b)(1).

After a careful review, we find neither a clear error on the face of the record nor a manifest injustice, and therefore, we shall adopt the report and recommendation on these issues.

**Conclusion**

For the reasons set forth above, we will not adopt the magistrate judge's report and recommendation with regard to the qualified immunity of individual defendants, municipal liability or the state court claims. Generally, these issues would be better addressed after discovery in a motion for summary judgment. We will adopt the report and recommendation with regard to all matters that were not objected to. An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DOLORES M. ROSE, as administratrix for THE ESTATE OF EDWARD M. ROSE III, Deceased, and DOLORES M. ROSE, Individually, **Plaintiffs** v. BARRETT TOWNSHIP; BARRETT TOWNSHIP POLICE DEPARTMENT; LARRY RAISNER, ROGER BURNS; and BARRETT TOWNSHIP VOLUNTEER AMBULANCE CORPS, INC., **Defendants** | No. 3:09cv1561 (Judge Munley) |

## ORDER

**AND NOW**, to wit, this 28th day of September 2010, the plaintiffs' objections (Doc. 28) are **SUSTAINED** and Magistrate Judge William T. Prince's report and recommendation (Doc. 26) is **ADOPTED** in part and **NOT ADOPTED** in part.

The report is not adopted with respect to the issues of qualified immunity of individual defendants, municipal liability and the state court claims. Therefore, the motions to dismiss (Doc. 10, Doc. 11) are **DENIED** with respect to these issues. The motions to dismiss are **GRANTED** with respect to the following issues:

1) The claims against Larry Raisner and Robert Burns in their official capacities;

2) The claims against Barrett Township Police Department;

3) The First Amendment claims;

4) The Fifth Amendment claims;

11

5) The Sixth Amendment claims; and

6) The Fourteenth Amendment claims to the extent that it is separate from the other constitutional claims.

BY THE COURT:

s/ James M. Munley
JUDGE JAMES M. MUNLEY
United States District Court