IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DOLOROS M. ROSE

    **Plaintiff**

v.                                      3:09-cv-1561
                                        (JUDGE MARIANI)

BARRET TOWNSHIP, et al.

    **Defendants**

## MEMORANDUM OPINION

This matter arises upon the complaint of Plaintiff Doloros M. Rose ("Plaintiff") following the death of her husband Edward Rose ("Mr. Rose") while in the custody of Defendants Barret Township ("Township"), Larry Raisner ("Raisner"), and Roger Burns ("Burns")(collectively, "Defendants"). Plaintiff asserts several causes of action including, *inter alia*, false arrest, false imprisonment, and malicious prosecution under 42 U.S.C. § 1983, in addition to multiple state law claims.

On December 17, 2012, Magistrate Judge Mildred E. Methvin issued a Report and Recommendation on Defendants' Motion for Summary Judgment. Magistrate Judge Methvin recommended that summary judgment be granted in favor of Defendants; however, the Court cannot adopt the Report and Recommendation, and will schedule the case for trial.

## BACKGROUND

Defendants Raisner and Burns are officers with the Barret Township Police Department. On the night of August 17, 2007, they stopped Mr. Rose after Raisener allegedly noticed a "registration lamp" dangling from below the bumper of Mr. Rose's truck. The officers made a U-turn and effectuated a traffic stop. Video footage and audio recording from a camera mounted to the dash of Defendants' patrol car captured significant portions of Defendants' encounter with Mr. Rose. The camera also depicts the registration lamp hanging from below the bumper of Mr. Rose's truck.

After speaking briefly with Mr. Rose, Raisner then told Burns to tell Mr. Rose that he smelled alcohol "to cover his rear end." (*See* Doc. 78 ¶ 14; Doc. 72, Ex. K.) The Defendants then conducted a series of four field sobriety tests, in addition to two separate breathalyzer tests. Each of these tests was captured by the patrol car's mounted camera. The breathalyzer revealed results substantially below the legal blood alcohol content limit. The mounted camera revealed that Burns did not want to arrest Mr. Rose. Raisner then told Burns that he would arrest Mr. Rose is Burns refused. Raisner then placed Mr. Rose under arrest for driving under the influence. He was handcuffed, and subsequently collapsed. Resuscitation efforts were unsuccessful and Mr. Rose was pronounced dead at the hospital.

# DISCUSSION

Magistrate Judge Methvin's Report and Recommendation provides the Court with a complete and accurate description of the law surrounding the propriety of a motor vehicle stop on the basis of reasonable suspicion and the arrest of an allegedly intoxicated driver based upon probable cause. Nevertheless, the Report and Recommendation contains findings of fact that the Court cannot adopt at the summary judgment stage.

## I. Reasonable Suspicion to Effectuate Motor Vehicle Stop

Magistrate Judge Methvin found that Defendants had reasonable suspicion to effectuate the initial traffic stop based upon the dangling registration lamp. Judge Methvin found that the "video clearly depicts a license plate light hanging below the vehicle's rear bumper." *See Report and Recommendation*, ECF Dkt. 82, at 18. However, the court finds that the overall record and the patrol car video are unclear as to whether there is another light properly functioning to illuminate Mr. Rose's license plate. The Pennsylvania Motor Vehicle Code requires the following with regard to a car's rear lighting:

> Every vehicle operated on a highway shall be equipped with a rear lighting system including, but not limited to, rear lamps, rear reflectors, stop lamps and license plate light, in conformance with the regulations of the department.

75 Pa. Cons. Stat. §§ 4303(b).

Judge Methvin found that it "need not be determined whether Mr. Rose did, in fact, violate the Vehicle Code in order to validate the traffic stop." *See Report and Recommendation*, at 19. Under the totality of the circumstances, however, the Court is

3

unable to determine whether a second license plate light was functioning on Mr. Rose's car, and whether the specific, objective fact that a light hung beneath Mr. Rose's bumper constitutes "reasonable" suspicion warranting an investigatory traffic stop. We believe the facts surrounding the claim of reasonable suspicion, as well as the question of reasonableness itself, are matters for a jury to decide, as the Court cannot make such findings at the summary judgment stage.

II. <u>Question of Probable Cause to Arrest Mr. Rose</u>

Magistrate Judge Methvin found that there was probable cause to effectuate an arrest upon Mr. Rose for driving under the influence of alcohol. Judge Methvin acknowledges that the issue of the existence of "probable cause in effecting an arrest is typically one for the jury." See *Report and Recommendation*, at 21 (citing *Estate of Smith v. Marasco*, 318 F.3d 497, 514 (3d Cir. 2003)). She further noted, however, that "where the evidence, viewed most favorably to a plaintiff, reasonably would not support a contrary factual finding, a court may conclude that probable cause exists as a matter of law." See *Report and Recommendation,* at 21 (citing *Merckle v. Upper Dublin Sch. Dist.*, 211 F.3d 782, 788-89 (3d Cir. 2000)). "The proper inquiry . . . is not whether the person arrested in fact committed the offense but whether the arresting officers had probable cause to believe the person arrested had committed the offense." *Ball v. Twp. of Silver Spring*, 833 F. Supp. 2d 415, 418 (M.D. Pa. 2011)(quoting *Dowling v. City of Philadelphia*, 855 F.2d 136, 141 (3d Cir. 1988)).

4

Judge Methvin found several factors militating in favor of a determination of the existence of probable cause for Mr. Rose's arrest. First, she placed emphasis on the fact that Mr. Rose admitted to consuming five (5) beers. Although Mr. Rose admits to drinking beer, and the number five was uttered by Mr. Rose, the recording is not sufficiently clear to definitively establish that Mr. Rose consumed five beers within a period that might render him in violation of Pennsylvania law.

Judge Methvin also acknowledged that Burns testified that he smelled alcohol on Mr. Rose's breath. At the summary judgment stage, however, the Court cannot credit such testimony as an objective fact. The credibility of Defendant Burns is an issue that must be determined by a jury.

The Report and Recommendation relies heavily upon the contention that Mr. Rose performed poorly on the four field-sobriety tests administered by Defendants. The Court believes that reasonable jurors might differ as to whether they believe that Mr. Rose failed any of the sobriety tests, and making such a determination at the summary judgment stage would require the Court to engage in inappropriate fact-finding.

Further, the breathalyzer test administered by Defendants yielded results far below the legal limit of blood alcohol content levels permitted for an automobile driver in Pennsylvania. Although the test is not definitive for the purpose of determining probable cause, it does not support Defendants' contention that Mr. Rose was under the influence of alcohol. Particularly troublesome is the discussion between Raisner and Burns in which

5

Burns told Raisner that he would not place Mr. Rose under arrest. Raisner responded to Burns that if Burns refused to arrest Mr. Rose, then Raisner would do it himself. A jury should be permitted to determine whether this conversation, captured by the police cruiser's mounted camera, negates a finding of probable cause. It is a matter of credibility that cannot be determined at summary judgment.

III. Malicious Prosecution

Judge Methvin appropriately found that Plaintiff's claim for malicious prosecution pursuant to the Fourth Amendment under §1983 cannot withstand summary judgment. As Judge Methvin noted, a claim for malicious prosecution under the Fourth Amendment pursuant to § 1983 requires proof of five elements:

(1) Defendant initiated a criminal proceeding;
(2) the criminal proceeding ended in defendant's favor;
(3) the defendant initiated the proceeding without probable cause;
(4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and
(5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding.

Dice v. Johnson, 711 F. Supp. 2d 340, 364-65 (M.D. Pa. 2010)(Caldwell, J.)(quoting Johnson v. Knorr, 477 F.3d 75, 81-82 (3d Cir. 2007)).

In the present matter, no criminal prosecution was ever brought against Mr. Rose. The record further contains no evidence that Defendants failed to "disclose exculpatory evidence." Finally, Mr. Rose was never found innocent of the charges for which he was arrested because he was deceased and never charged. Accordingly, for these reasons and

6

for the reasons set forth in Judge Methvin's Report and Recommendation, summary judgment in favor of Defendants will be granted on this claim.

IV.     State Law Claims

Under the Pennsylvania Political Subdivision Tort Claims Act ("PSTCA"), 42 Pa. Cons. Stat. § 8541, *et seq.*, municipal employees are provided immunity, commensurate with the immunity provided to their employer, but only if the act committed was within the scope of the employee's employment. 42 Pa. Cons. Stat. § 8545. The PSTCA includes eight exceptions to local agency immunity. As noted by Judge Methvin, "[a] willful misconduct exception exists: a public official does not receive immunity when his action 'constituted a crime, actual fraud, actual malice or willful misconduct.'" *See Report and Recommendation*, at 33 (quoting 42 Pa. Cons. Stat. Ann. § 8550).

In the matter *sub judice*, it is unclear whether Defendants' actions, if any, were malicious or motivated by willful misconduct. Like the earlier factual questions concerning reasonable suspicion and probable cause, the Court is unwilling to make findings of this nature at the summary judgment stage. Accordingly, Plaintiff's state law claims should be presented to a jury.

## CONCLUSION

For the reasons set forth in this memorandum opinion, the Court will decline to adopt Magistrate Judge Methvin's Report and Recommendation, Defendants' Motion for Summary Judgment will be denied, and the case will be set for trial.

DATE: January 18, 2012

Robert D. Mariani
United States District Judge